## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

RAYMOND WHITE,
            PLAINTIFF,

v.                                    CIVIL ACTION NO.:

SERVPRO OF BAY COUNTY, INC.
            DEFENDANT.
_____/

## COMPLAINT

Plaintiff, Janet Ballard, (hereinafter referred to as the "Plaintiff" or "White"),

by and through his undersigned attorney, sues defendant, Servpro of Bay County,

Inc. (hereinafter, "Defendant" or "Servpro") and alleges as follows:

### *JURISDICTION AND VENUE*

1.      This is an action to remedy discrimination on the basis of disability,

and retaliation in the terms, conditions, and privileges of Plaintiff's employment in

violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq.,

Florida Statutes; Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-

12117, 12203; and the Americans with Disabilities Act Amendments of 2008

(ADAA).

2.      Plaintiff further seeks declaratory, injunctive, and equitable relief

pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

3.      Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-

1

5(k), Fed. R. Civ. P. 54 and other Florida Statutes as set forth herein.

4.     This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

5.     Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f) and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 201919936) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D201900884) on May 24, 2019, more than 180 days lapsed since Plaintiff's charge was filed and the FCHR had not concluded its investigation or made a determination pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested his 90 day Notice of Right to Sue letter from the EEOC which was received after March 6, 2020.

## *PARTIES*

6.     Plaintiff is a Caucasian male and a citizen of the State of Florida and a resident of Escambia County who resides in Pensacola, Florida. Plaintiff worked for defendant as from January 21, 2019, until his unlawful termination on May 8,

2

2019.

7.     Defendant, Servpro, is a for profit Company which provides residential and commercial restoration cleaning services to Bay County residents and businesses. Defendant employs more than fifteen (15) employees and is an employer within the meaning of the ADA and FCRA.

## *FACTS*

8.     Plaintiff is an African American male.

9.     Plaintiff was employed by Defendant as tech/ crew lead from January 28, 2019, until his termination on May 8th, 2019.

10.    During Plaintiff's time with SBC, he had not been the subject of any disciplinary action and performed the duties and responsibilities of his position in a more than satisfactory manner.

11.    On April 28, 2019, Plaintiff suffered an off the job injury to his foot.

12.    Plaintiff came into work the next day and worked for a week on his foot.

13.    Plaintiff did not know it at the time, but he had severely fractured his foot.

14.    Plaintiff went to the ER over the weekend and was placed in a cast and placed on crutches pending further evaluation and treatment.

15.    Plaintiff returned to work on Monday and let his employer know

about his current condition and restrictions.

16.     Plaintiff informed the Defendant that he could continue to work and but that he would need certain accommodations such as light duty.

17.     Plaintiff was placed on temporary computer training after reporting back to work on crutches.

18.     Shortly after beginning the computer training, Plaintiff was called into the office and informed that he was being let go.

19.     Defendant said that on a prior job that concluded a week and an half before that he broke an expensive sculpture.

20.     Plaintiff was never informed of this, or any other incident(s) at the time the job was completed nor any other issues with his performance anytime thereafter.

21.     It was not until Plaintiff came in on crutches and asked for an accommodation that he was told about a customer's broken sculpture to which he said he was not aware of any broken items during that job.

22.     Defendant had knowledge of Plaintiff's disability, broken foot when he informed Defendant of his disability on or before May 6, 2019.

     1. Defendant was aware of Plaintiff's disability.

     2. Plaintiff is a qualified individual with a disability:

          (a) he has a physical impairment that substantially limits one or more major life activities: Plaintiff suffers from

mobility and fatigue;

(b) Plaintiff is under the treatment of a doctor for the care and treatment of her physical disabilities.

(c) he has a record of such impairment; and,

(d) he was regarded (perceived or otherwise) by Defendant as having such impairments.

23.    Plaintiff's disabilities substantially affected the major life activities of concentration and mobility.

24.    Plaintiff had the ability to perform the essential functions of his position and did so without incident until his termination on March 8, 2019, which was within just days after him having reported his injury and asking for an accommodation.

### FIRST CAUSE OF ACTION
*(DISABILITY DISCRIMINATION - AMERICANS WITH DISABILITIES ACT, (ADA), AND AMERICANS WITH DISABILITIES ACT AMENDMENTS (ADAA))*

25.    Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 24 of this complaint with the same force and effect as if set forth herein.

26.      This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of his employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

27.    At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

28.    At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

29.    Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

30.    The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

31.    As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained

compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

32.     As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

33.     Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

34.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs                  pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

## SECOND CAUSE OF ACTION
*(DISABILITY RETALIATION - AMERICANS WITH DISABILITIES ACT, (ADA), 42 U.S.C. §§ 12111-12117, 12203; THE AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 (ADAA))*

35.      Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 24 of this complaint with the same force and effect as if set forth herein.

36.     This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of his employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

37.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

38.     At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

39.     Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

40.     The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities

8

Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

41.     As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

42.      As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

43.     Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

44.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

<u>THIRD CAUSE OF ACTION</u>

9

*(DISABILITY DISCRIMINATION - FLORIDA CIVIL RIGHTS ACT OF 1992, AS AMENDED, CHAPTER 760 ET SEQ., FLORIDA STATUTES)*

45.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 24 of this complaint with the same force and effect as if set forth herein.

46.     Defendant discriminated against Plaintiff on the basis of his disability in the terms, conditions, and privileges of Plaintiff's denied employment in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

47.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

48.     At all times material hereto, Defendant was an employer within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 15 employees.

49.     Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

50.     The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

51.     As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and discriminatory termination that lead to his discharge from Defendant's employment.

52.     As a result of being wrongfully and unlawfully discriminated against that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

53.     Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

54.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

## FOURTH CAUSE OF ACTION
*(DISABILITY RETALIATION - FLORIDA CIVIL RIGHTS ACT OF 1992, AS AMENDED, CHAPTER 760 ET SEQ., FLORIDA STATUTES)*

55.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 24 of this complaint with the same force and effect as if set forth herein.

56.     This is an action to remedy retaliation by the Defendant in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

57.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

58.     At all times material hereto, Defendant was an employer within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 15 employees.

59.     Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation against him for engaging in a protective activity and for any actual or perceived disability.

60.     The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Florida Civil Rights Act of

1992, as amended, Chapter 760 et seq., Florida Statutes, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

61.     As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to his discharge from Defendant's employment.

62.     As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

63.      Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

64.      Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

### *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a.      Declaring the acts and practices complained of herein are violation of the ADAA and Florida Civil Rights Act (FCRA).

b.      Enjoining and permanently restraining those violations of the ADAA, and Florida Civil Rights Act (FCRA).

c.      Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d.      Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

     i.      Awarding Plaintiff Front Pay in lieu of reinstatement;

     ii.      Awarding Plaintiff compensatory damages;

     iii.      Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

e.      Granting such other and further relief as the Court deems just and

proper in the premises.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: June 1, 2020.        By: */s/ Clayton M. Connors*
                            CLAYTON M. CONNORS
                            Florida Bar No.: 0095553
                            Email: cmc@westconlaw.com
                            **WESTBERRY & CONNORS, LLC.**
                            4400 Bayou Blvd., Suite 32A
                            Pensacola, Florida 32503
                            Tel:  (850) 473-0401
                            Fax: (850) 473-1388
                            Attorney for the Plaintiff